Dewey, J.
Assumpsit. The two first counts of the declaration attempt to lay a cause of action by the assignee against the assignor of a single bill for the- payment of money. These counts set out the contract, its assignment by the defendant to the plaintiff, the commencement of a suit by the latter against the maker of the bill, and the recovery of a judgment therein in due Season. They also show, that seven months after the rendition of the judgment, a fieri facias was issued which was levied upon certain real estate of the maker, and that a part of the money due by the judgment was thereby made.’ They *308 tben aver, “that from the rendition of the said judgment, up to and until the issuing and levying said execution, the maker of the bill had no goods or chattels, lands or tenements, subject to execution, other than *what was-sold on said execution.” The declaration also contains the common counts. There was a general demurrer to-the whole declaration. It was sustained, and final judgment, rendered for the defendant.
The only question of any interest presented by the record is,, do the first two counts show the ordinary diligence, on the part of an assignee against the maker of a bond, requisite to render the assignor liable, or a sufficient excuse for omitting it?
We decided at the last term, in the case of Bishop et al. v. Yeazle, that a delay of six months to issue an execution on a judgment recovered by the assignee against the maker, without, a sufficient excuse, discharged the assignor. Due diligence, therefore, is not shown on the present 'occasion.(1) Does the excuse exist? If it be admitted, that the same destitution of property on the part of the maker of an assigned bond, which' would excuse an action against him by the assignee, will justify the omission to issue an execution on a judgment promptly-obtained, the plaintiff in this cause has himself shown that the excuse did not exist. For it is impliedly admitted by the declaration, that at the time of the rendition of the judgment against him, and for seven months afterwards, the maker had available property. The general doctrine on this-subject is well settled; it 'is, that the maker must, without delay, be prosecuted to an ineffectual judgment and execution, or that some good reason for not so doing—utter insolvency of the-maker being one—must be shown. We know of no decision which has carried the privilege of the assignee beyond this.. But we are now asked to go further, and to pronounce that although diligence was omitted for seven months, without' any excuse for it, the assignee has still a recourse upon the assignor, because, at the expiration of that period, he seized all the property owned by the'maker when the judgment was rendered, or afterwards. There certainly was a time after the rendition of *309 the judgment against the maker, and before the issuing of the execution, at which the conditional liability of the assignor to the assignee was gone, because there was a period when neither diligence, nor an excuse for it existed. We do not think his responsibility can be revived by a subsequent attempt at ^diligence. If the doctrine contended for could be successful on the present occasion, a suit improperly delayed for seven months, or longer, should it ultimately secure all the property which' a seasonable action could have reached, would be due diligence. Indeed, we do not perceive why the same reasoning would not dispense entirely with an ■execution, and a suit too, though the maker might have property, if it was sufficient to satisfy but a part of the debt, and the assignee should seek a remedy against the assignor only for the balance. We are unwilling to sanction a principle so lax, and so liable to abuse.
P. C. Gregory, for the appellant.
H. S. Lane, and S. C. Willson, for the appellee.
The demurrer, so far as the first two counts are concerned, was correctly sustained. But as there are other counts which are good, an error, inadvertent no doubt, was committed which must reverse the j udgment.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.

 Vide Nance v. Dunlavy, May term, 1844, and Spears v. Clark, November term, 1844, of this Court.